IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYRONE DAVIS                                                                                           PLAINTIFF

v.                          Civil No. 6:23-cv-06139-SOH-CDC

CLAY JANSKE, Lawyer                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Tyrone Davis, currently an inmate of the Garland County Detention Center, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 4) under 28 U.S.C. § 1915A.

### I.     BACKGROUND

According to the allegations of the Amended Complaint, Defendant Janske is an attorney working for the public defender's office in Garland County who has been appointed to represent the Plaintiff. (ECF No. 4 at 2 & 4). Plaintiff maintains he has been falsely imprisoned for nine months for a crime he did not commit and suffering physically and emotionally because of it. *Id.* at 3-4. Plaintiff asserts that Defendant Janske is not acting in his best interests. *Id.* at 4.

As relief, Plaintiff seeks an award of compensatory damages. (ECF No. 4 at 5). Plaintiff also asks that he be immediately released from the Garland County Detention Center. *Id.*

### II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

1

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Public defenders do not act under color of state law while representing criminal defendants. *Polk Cty. v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.). The only allegations made against Defendant Janske are in connection with his representation of Plaintiff in his criminal case.

Plaintiff's claims against Defendant Janske are therefore subject to dismissal.

Furthermore, the Supreme Court has held that a state prisoner may not use §1983 to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). A prisoner seeking either immediate release from prison or a shortening of his term of confinement must seek habeas relief instead. *Id.*

### IV.  CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of the Referral:   The Referral is terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

RECOMMENDED this 5th day of February 2024.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE